CHARLES BLIN, Appellee,
*against*
HAY and TRIMBLE,
Administrators of GEORGE TRIMBLE.

A submission to five arbitrators by name, the award to be made in writing by a majority of them, though such award be signed by a majority of the arbitrators, it is insufficient, if it does not set forth that the minority were present at the hearing, or at the least that they were notified of the time and place of the meeting of the arbitrators.

DEBT on an award of arbitrators. Demurrer to the declaration.

This action was originally commenced against *George Trimble;* but on his death being suggested on the record, the administrators entered as defendants.

The plaintiff declared against *George Trimble* in a plea that he render to him the sum of sixty-two

pounds ten shillings of the current money of the State of *New-York*, equal in value, &c. which he justly owes, &c. for this, to wit, whereas there were certain disputes and controversies subsisting between the said *Charles Blin* and the said *George Trimble*, then both of *Crown Point*, in the State of *New-York*, respecting the use, rent, or occupation of certain lands, held, used, occupied, and enjoyed by the said *Charles Blin*, and the value of certain improvements made thereon, they therefore, the said *Charles* and *George*, on the 10th day of *January*, A. D. 1795, for the final end and determination of all such disputes, by their certain bond or obligation in writing, sealed with the several seals of them the said *Charles* and *George*, covenanted and agreed, that *William Bott*, Esquire, of *Willsborough*, *John N. Bennet*, Esquire, of *Bridport*, Mr. *Moses Taylor*, of *Crown Point*, *Nathaniel Moseley*, Esquire, of *Bridport*, and *Cornelius Vander K——*, of *Crown Point*, should be arbitrators mutually chosen by each party to meet at the house of *Charles Blin*, aforesaid, on the first *Monday* after the 20th of *February* next, meaning and intending, as the plaintiff avers, the 25th day of *February*, A. D. 1795, to take into consideration, examine, determine, and award, what is the value of all the improvements, whether in buildings, fences, or orcharding, made by the said *Charles Blin* on the lands he then possessed or claimed the possession of in a patent of land called *Cornel's Patent*, the amount of which the said arbitrators are to charge to the said *George*, and they are likewise to examine and award what the yearly rent, use, or occupation of all the lands used, occupied or enjoyed by the said *Charles Blin*, from the time of his first

Blin
v.
Hay and Trimble.

coming on to the patent aforesaid, to the date of the said covenant or agreement, viz. the 10th of *January*, 1795, aforesaid, the amount of which to be charged to the said *Charles Blin*, and to determine and award which party ought to pay the legal costs which accrued, the amount of which to be charged to him; which award the said arbitrators, or a majority of them, are to sign and seal, and deliver to either or both parties requesting, in ten days from the date of the first meeting, which award, executed by the said arbitrators, or a majority of them, as above mentioned, they the said *George* and *Charles* covenanted and agreed, that it be made a rule of the Court of Common Pleas for the County of *Clinton*, in said State of *New-York*, as by the said writing obligatory, ready in Court to be shown, may fully appear; and whereas afterwards, to wit, on the 25th of *February*, 1795, the aforesaid *William Bott, Moses Taylor*, and *Nathaniel Moseley*, a majority of the arbitrators mutually chosen as aforesaid, according to the submission above recited, having fully examined and duly considered the proofs and allegations of both the said parties, did make and publish their award between the said parties, subscribed with their names, and sealed with their seals, in manner as follows, that is to say; -

First. They did award and order, that all actions, suits, quarrels, and controversies whatever, had, moved, arisen, and depending between the said parties in law or equity, for any manner of cause whatever, touching the said premises, to the day of the date of their award, should cease and be no further prosecuted, and that each of said parties should pay and bear all the legal costs of any action or actions that have subsisted between the said parties prior to

this arbitration, equally between them, and the costs of this arbitration shall be paid equally between said parties.

Secondly. They did also award and order, that the said *George Trimble* should pay or cause to be paid to the said *Charles Blin* sixty-two pounds ten shillings, current money of the State of *New-York,* equal in value to the current money of this and the *United States* as aforesaid, on or before the 15th day of *May* next, meaning and intending, as the plaintiff avers, next after the day of the date of said award. And,

Lastly. They did award and order, that the said *Charles* and *George,* on payment of the sum of 62*l.* 10*s.* of the State currency as aforesaid, equal, &c. should in due form of law execute each to the other of them, or each to the other's use, general releases sufficient in law for the releasing of or by each to the other of them, his or their heirs, executors, and administrators, of all actions, suits, awards, quarrels, controversies and demands (excepting one certain bond, which the said *George Trimble* holds against the said *Charles Blin,* conditioned for the delivering the possession of the house and land on which the said *Charles Blin* then lived, to the said *George Trimble*) whatever, touching or concerning the premises aforesaid, or any matter or thing thereunto relating, from the beginning of the world until the aforesaid 10th day of *January,* A. D. 1795, as by the award here ready in Court to be shown may fully appear; which said award, rendered as aforesaid, was signed, sealed, and ready to be delivered to the parties, within ten days from the first meeting of said

Blin
v.
Hay and Trimble.

arbitrators; and the said *Charles Blin* further saith, that he hath done and performed all things on his part to be done and performed according to the submission and award so made as aforesaid; and the said *George Trimble* hath wholly refused and neglected to pay to the said *Charles Blin* the said sum of 62*l.* 10*s.* current money of the State of *New-York,* equal, &c. although the time of payment hath long since elapsed, or to do and perform the things awarded to be done and performed on his part, but he to do the same, although often requested, hath hitherto wholly refused, and still refuses so to do; wherefore an action hath accrued to the said *Charles,* to have and demand of the said *George Trimble* the said sum of 62*l.* 10*s.* current money, &c. equal, &c. for the recovery of which, with just costs, he brings suit.

To this declaration the defendants demurred, and for causes of demurrer set down, that the award was not in pursuance of the submission, in the following particulars :

First. That the submission was to five arbitrators, whilst the award was made by three, and did not set forth that the other two were present or notified.

Secondly. That the submission was of a *particular* controversy, respecting improvements made by the plaintiff on certain lands, and what was the value of the yearly rent of the land, whereas the award directed, that the parties to the submission should in due form of law execute to each other of them releases sufficient in law to release all actions, suits, awards, quarrels, controversies, and demands, touching or concerning the premises, or any matter or thing thereunto relating, from the beginning of the world

to the day of the date of the award, which releases would bar things not submitted.

The cause was submitted without argument, and the Court delivered the following opinion:

The first exception to the sufficiency of the declaration is, that the award was by three whilst the submission was to five arbitrators, the other two not appearing to have been present at the meeting, or notified.

The award declared upon appears to have been signed, &c. by three of the arbitrators; so far it is consonant with the submission: but the Court consider that the submission was to the whole five. "It is covenanted and agreed, that *William Bott* and the others, naming the whole five, shall be arbitrators," to take into consideration the subject matter of the submission; and that, as it does not appear that the two who did not sign the award were present, or notified of the time and place of meeting the award in this respect, does not follow the submission, and the declaration is considered insufficient.

The Court are confirmed in this opinion by recurrence to the books, more especially to the case of *Dalling* v. *Matchet, Mich.* 14 *Geo.* II. *Barnes's Notes*, p. 57.

Parties to an arbitrament, without any improper motives, may have a peculiar and reasonable predilection for a particular person or persons to sit as arbitrators. The subject matter in dispute may be better comprehended by some than others, owing to their particular avocations in life. When a person submits a controversy to five arbitrators, he has rea-

son to expect, that all will be present at the hearing of his cause, or at least that all will be notified of the time and place of meeting; for the absence of one might materially affect the award. His superior judgment in the matter in controversy may have been relied upon by the party in preference to that of all the others, and might have altered the opinion of the others; and although a majority, after a candid discussion, may make the award, yet all the arbitrators, to whom the matters in controversy have been submitted, in the terms of the present submission, ought to be present at the hearing, or at least it should appear that they were notified of the time and place of meeting, if not present.

The second exception to the declaration seems not to be so well grounded.

The great object of this and every other arbitrament is to put an end final to an existing controversy; and this power is given to the present arbitrators, and they appear not to have exceeded it in the award, as the releases directed by it to be executed by the parties to the submission, are not *general releases*, which would have been nought, but are expressly so qualified as to operate only upon " all actions, suits, awards, quarrels, controversies and demands whatever, *touching the premises*, that is, *respecting the matters submitted*, or any matter or thing thereunto *relating*." ·.

If therefore this award had been correct in other particulars, so that it might have been pleaded in bar to any action respecting the patent of land not submitted, it could be avoided by showing, in due course of pleading, that the submission did not embrace such cause of action.

2

But as the Court consider the declaration to be insufficient on the first point, and grossly so in other particulars,

Let judgment be entered for the defendants.

Blin<br>v.<br>Hay and Trimble.

Declaration insufficient.

*Daniel Chipman* and *Elnathan Keyes*, for plaintiff.
*William C. Harrington* and *Josias Smith*, for defendants.